LOFTUS v. CARLTON et al. (No. 6069.)

(Supreme Court, Appellate Division, First Department. July 10, 1914.)

BAILMENT (§ 18*)—COMPENSATION—NOTICE OF SALE.

    Where negatives were delivered to one for development under a contract providing that, if the owner was in arrears for seven days, the negatives might be sold for the purpose of realizing the indebtedness, and that sale might be made on 24 hours' written notice, notice to the owner of a breach of contract and that the holder of the negatives had the right to sell as provided is not notice of sale as required, because not informing the owner when or where the sale would occur, and a sale without further notice cannot be supported.

    [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77–79, 81–84; Dec. Dig. § 18.*]

Appeal from Special Term, New York County.

Action by William Loftus against James L. Carlton and Harry F. McGarvis. From an order denying a motion to continue a temporary injunction pendente lite, plaintiff appeals. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Herbert Parsons, of New York City, for appellant.
Henry H. McCorkle, of New York City, for respondents.

SCOTT, J. The plaintiff alleges himself to be the assignee of all the assets of the Kennedy Features, Incorporated, a corporation organized under the laws of California. The defendant Carlton is a creditor of the corporation and received from Mr. A. M. Kennedy, who had the general management of the company's business in the city of New York, negatives from which Carlton was to furnish positives to the Kennedy Features, Incorporated, whose business was the furnishing of films to moving picture enterprises.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The negatives were given to Carlton under an agreement which provided that if the Kennedy Features, Incorporated, were in arrears for the period of 7 days, Carlton might sell. the negatives for the purpose of realizing the indebtedness of the Kennedy Features, Incorporated, to him. The contract provided that the sale might be made on 24 hours' written notice, and that Carlton might sell or otherwise realize upon all property or properties of the Kennedy Features, Incorporated, then in Carlton's possession for the payment of moneys that might be due to him, and that this sale might be without process of law and without recourse.

On April 15, 1914, the Kennedy Features, Incorporated, being then indebted to Carlton, he served a notice upon them, and after some time sold the property, at private sale, to the defendant Harry F. McGarvis. The bona fides of this sale is strenuously attacked by plaintiff, and it certainly does not appear to be above suspicion. However that may be, the pretended sale by Carlton was clearly unauthorized by the terms of the contract. The agreement was that a sale might be made "upon twenty-four hours' written notice," meaning obviously notice of the time, place, and manner of sale. The notice which was given was not at all such a notice. It notified the Kennedy Features, Incorporated, that it had violated the contract by failing to make payments in accordance therewith. It then contained this sentence: "Said James L. Carlton now has the right to proceed as provided in article No. 6." Here was no notification of an intention to sell, or of the time, place, and manner in which it was proposed to make a sale. It was a mere assertion of Carlton's right to sell if he elected to do so. Obviously this was not such a notice as was contemplated by the contract.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to continue the injunction pendente lite granted, with $10 costs. All concur.